**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

WINFRED CLOWERS,

    Plaintiff,

v.

OFFICER JONATHAN WORK,

    Defendant.

CIVIL ACTION NO.: 5:15-cv-5

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed a 42 U.S.C. § 1983 action, contesting certain conditions of his confinement. (Doc. 1.) On December 15, 2015, Defendant Work ("Defendant") filed a Motion for Summary Judgment. (Doc. 20.) The Clerk of Court mailed a Notice to Plaintiff advising him that Defendant filed a Motion for Summary Judgment and that he must file a response by January 8, 2016. (Doc. 21.) That Notice further advised Plaintiff that:

> 1. If you do not timely respond to this motion . . . , the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.
>
> 2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.
>
> 3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

(Id.) Plaintiff filed no Response to Defendant's Motion for Summary Judgment, and the Court received no indication that this Notice or Defendant's Motion was undeliverable. However,

Plaintiff did file an out of time Motion for Summary Judgment on January 19, 2016. (Doc. 23.) Nevertheless, even if this Court were inclined to construe Plaintiff's Motion as a Response to Defendant's Motion for Summary Judgment, it still could not do so because Plaintiff's filing was untimely.[1] Based on the reasons which follow, the Court should **GRANT** Defendant's unopposed Motion, (doc. 20), **DENY** Plaintiff's Motion for Summary Judgment, (doc. 23), **DISMISS** Plaintiff's Complaint, and **CLOSE** this case. In addition, the Court should **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

On October 2, 2014, Defendant Work was releasing inmates with job details from the unit. (Doc. 20, p. 2.) During this time, Plaintiff attempted to leave his housing unit by claiming that he was an orderly, even though he did not in fact have a work detail. (Id.) However, the unit's door was unlocked and Plaintiff tried to force his way out by pushing the door against Defendant. (Id.) In response, Defendant pushed Plaintiff back into the unit and closed the door. In the midst of this altercation, Plaintiff knocked Defendant's radio off. Defendant contends that he did not close Plaintiff's arm in the door, but as a precaution, Plaintiff was taken to the infirmary and examined by medical staff. (Id. at p. 3.) The registered nurse who examined Plaintiff stated that he had no visible injuries, but because Plaintiff complained of pain in his arm, the nurse gave Plaintiff a soft splint and aspirin until his arm could be x-rayed several weeks later. (Id.) The x-ray report indicated that there were no fractures or lesions and the bones of the left elbow to wrist appeared normal. (Id. at pp. 3, 31.) The medical documents

---

[1] Plaintiff is untimely even after taking the prison mailbox rule into account. Houston v. Lack, 487 U.S. 266, 108 (1988). Plaintiff signed his Motion for Summary Judgment five days after the last day to file a response and twenty-nine days after the last day to file Motions, as laid out in this Court's Scheduling Notice. (Doc. 16.) While Plaintiff is a *pro se* litigant, his unrepresented status does not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

stated that there were no injuries consistent with Plaintiff's allegations that Defendant slammed a heavy metal door on his arm. (Id. at pp. 3, 34.)

## DISCUSSION

Defendant asserts in his Motion that: 1) Plaintiff cannot sustain his Eighth Amendment claims; 2) the Prison Litigation Reform Act bars Plaintiff's punitive and compensatory damages claims because Plaintiff did not suffer any injury as a result of Defendant's actions; and 3) Plaintiff cannot sustain his state law claims. (Doc. 20, pp. 7–11.) In moving for summary judgment, Defendant relies on his Statement of Material Facts, copies of Plaintiff's Grievance Report and Disciplinary Report, Plaintiff's medical records, and several declarations sworn under penalty of perjury.[2] As set forth below, the undersigned agrees that Plaintiff fails to establish a genuine dispute as to his claim, and the Court should grant Defendant's Motion as a result.

## I. Standard of Review

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp.2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

---

[2] On the other hand, Plaintiff's only support for his Motion for Summary Judgment is a Statement of Undisputed Material Facts, which Defendant disputes in a Response filed on January 22, 2016. (Docs. 23-2, 25.) Again, Plaintiff has not filed any materials disputing Defendant's Statement of Material Facts and the Court should not consider Plaintiff's Statement due to his untimeliness.

3

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cty., 630 F.3d 1346, 1353 (11th Cir. 2011).

## II.    Plaintiff's Use of Force Claim

Plaintiff's excessive use of force claim and Defendant's Motion require analysis of the Eighth Amendment's proscription against cruel and unusual punishment. That proscription governs the amount of force that prison officials are entitled to use against inmates. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather

4

than "a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320–21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, courts consider the following factors: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Skelly v. Okaloosa Cty. Bd. of Cty. Comm'rs, 456 F. App'x 845, 848 (11th Cir. 2012) (quoting Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009)). "'When considering these factors, [the court] 'give[s] a wide range of deference to [jail] officials acting to preserve discipline and security, including when considering decisions made at the scene of a disturbance.' [The Court] examine[s] the facts as reasonably perceived by [Defendants and their subordinates] on the basis of the facts known to [them] at the time.'" Shuford v. Conway, 86 F. Supp. 3d 1344 (N.D. Ga. 2015) (quoting Fennell, 559 F.3d at 1217–18) (alterations in original). Hudson, 503 U.S. at 5).

This Court takes Defendant's Motion for Summary Judgment as unopposed due to Plaintiff's lack of Response. However, even if in an abundance of caution, the Court were to take Plaintiff's untimely Motion for Summary Judgment as a timely Response to Defendant's Motion, Plaintiff still does not provide enough information to support his claim. Plaintiff simply offers a sparse Statement of Undisputed Material Facts—unsupported by any evidence—stating that he waved his hand outside his cell door to get the attention of a Correctional Officer, then "Defendant Work assaulted Plaintiff with his hands (Fist) and steel door of Dorm EE. Plaintiff's arm was put in cast and given pain killers for the pain." (Doc. 23-2, p. 1.) Plaintiff makes no averments that Defendant acted maliciously or sadistically or even knew that Plaintiff's arm was

outside the cell door. At most Plaintiff's account indicates negligence on Defendant's part which does not rise to the level of an Eighth Amendment claim for excessive force. Cty. Of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."). Additionally, all of Plaintiff's medical records directly contradict the account provided in his Statement of Undisputed Material Facts. See Vicks v. Knight, 380 F. App'x 847 (11th Cir. 2010) (Even if plaintiff and defendant have contradictory accounts of excessive force, summary judgment may be granted in favor of prison officials where medical records do not corroborate inmate's allegations of excessive force); see also Evans v. Schnake, No. 7:11-CV-29(HL), 2012 WL 1802453 (M.D. Ga. Apr. 24, 2012) (crediting the medical evidence, which clearly undermined Plaintiff's alleged injuries).

In contrast, Defendant shows the following through his supporting materials in light of the factors the Court is to consider when analyzing whether an Eighth Amendment use of force was done wantonly and unnecessarily to cause harm.

### A. The Need for the Exercise of Force

Based on the facts before the Court, there appears to have been a need for Defendant Work's exercise of force. Plaintiff attempted to escape his cell, first through deceit, and when that failed, by trying to force open the door. (Doc. 20, p. 2.) Plaintiff used enough strength that he knocked Defendant's radio off. Defendant needed to use some measure of force against Plaintiff in an effort to secure Plaintiff back in his cell and restore discipline. Thus, this factor weighs in Defendant's favor. Alday v. Groover, No. CV 212-108, 2014 WL 1320093, at *6 (S.D. Ga. Mar. 31, 2014) (noting that an "official need not wait until disturbances are dangerous

before using force to restore order.") (citing Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007)).

### B. The Relationship Between the Need for the use of Force and the Amount Applied

Defendant used an appropriate amount of force in light of the fact that Plaintiff was attempting to force his way out of the unit. Defendant pushed Plaintiff in an attempt to secure Plaintiff back in his cell and close the door. (Doc. 20, p. 3.) Given the overriding security concerns, Defendant's push was warranted. Lester v. Ga. Dep't of Corr., No. 6:15-cv-110, 2016 WL 146514, at *4 (S.D. Ga. Jan. 12, 2016) (citing Brown v. Smith, 813 F.2d 1187, 1189–90 (11th Cir. 1987) (upholding judgment in favor of an officer who used force against an inmate to accomplish the legitimate security purpose of getting the inmate into his cell), *adopted by* 2016 WL 524616 (Feb. 5, 2016). Furthermore, Defendant's use of force would still be justified if he did in fact close the door on Plaintiff's arm as Plaintiff claims. Cf. Hutcheson v. Binion, No. 4:09CV056-M-S, 2011 WL 2669078, *3 (N.D. Miss. May 3, 2011) (finding that the first time an officer slammed a prisoner's arm may have been inadvertent in an attempt to maintain order, but it became "obvious" that the officer's repeated slamming of the inmate's arm in the flap crossed into the "unreasonable or even malicious territory."). Given the above reasons, this factor also weighs in Defendant's favor, particularly because the Court gives greater "deference to prison officials acting to preserve discipline and security, especially when they make decisions at the scene of a disturbance. Williams v. Slack, 438 F. App'x 848, 851 (11th Cir. 2011).

### C. The Extent of Plaintiff's Injuries

The extent of Plaintiff's injury also weighs in favor of Defendant. The extent of injury "is a relevant factor in determining whether the use of force could plausibly have been thought necessary under the circumstances and may be an indication of the amount of force applied."

7

Logan v. Smith, 439 F. App'x 798, 800 (11th Cir. 2011) (citing Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)). However, while the resulting injury can be indicative, the key inquiry is the amount of force applied by Defendant, not the severity of the injury that resulted to Plaintiff. Id. at 800–01 (citing Wilkins, 559 U.S. at 37). Injury and force are "imperfectly correlated," and "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins, 559 U.S. at 38.

In the case at hand, Plaintiff's injuries were minimal. All of Plaintiff's medical documentation indicates that he had no injuries consistent with excessive force. The medical report from Plaintiff's initial exam stated that there was no appearance of injury, Plaintiff had a full range of motion, and that there were "no signs consistent with complaint." (Doc. 1, p. 33–34.) However, because Plaintiff complained about the pain, the nurse provided a "splint with ACE Wrap" and aspirin until an x-ray could be taken. Even then, the x-ray indicated that Plaintiff had a "normal left forearm" with no fractures, dislocations, or lesions. (Doc. 20, p. 31.)

While injury and the amount of force are imperfectly correlated, here the indisputably minimal injuries that Plaintiff suffered reveal that Defendant only applied minimal force. Wilkins, 559 U.S. at 38 ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim.") These injuries are so insignificant that they weigh against the jury finding for Plaintiff on the "core judicial inquiry" of whether "the nature of the force—specifically, whether it was nontrivial and 'was applied . . . maliciously and sadistically to cause harm.'" Wilkins, 559 U.S. at 39 (alteration in original) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).

8

### D. Extent of Threat to the Safety of Staff and Other Inmates

Defendant acted to maintain security and discipline when he used force. Plaintiff first attempted to escape his unit by lying about his work detail. When that failed, Plaintiff escalated the situation by trying to forcibly leave and pushing the door hard enough to knock Defendant's radio to the floor. (Doc. 20, p. 21.) Defendant pushed Plaintiff to get him back into the cell and to secure the door. This factor also weighs in Defendant's favor given Plaintiff's forced attempt to escape.

### E. Any Efforts Taken to Temper the Severity of the Forceful Response

Given Plaintiff's injuries resulting from Defendant's use of force, little effort was needed to mitigate the effects of the force. However, Plaintiff not only received a medical evaluation, but also an x-ray when he continued to complain about the pain. (Doc. 29-2, p. 3.) Given the low severity of Plaintiff's injury and the amount of medical care provided, the evidence reveals no impropriety and, therefore, falls in Defendant's favor. Alday, 2014 WL 1320093, at *7.

None of the five factors this Court needs to examine for excessive force claims cuts in Plaintiff's favor. Consequently, the Court should **GRANT** this portion of Defendant's Motion for Summary Judgment and **DISMISS** Plaintiff's excessive force claims.

### III. Plaintiff's State Law Claims

During the frivolity review stage, this Court initially extended supplemental jurisdiction over Plaintiff's state law claims because they were "so related to [the federal] claims in the action…that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). While the "dismissal of [Plaintiff's] underlying federal question claim does not deprive the court of supplemental jurisdiction over the remaining state law claims[,]" the Court does have the "discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims,

9

where the court has dismissed all claims over which it had original jurisdiction." Baggett v. First Nat. Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997); 28 U.S.C. § 1367(c). In fact, the law actually favors the dismissal of state law claims once the court has dismissed the federal claims. Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999) (in its discretion the district court may dismiss state law claims after dismissing federal claims; "[m]ore specifically . . . if the federal claims are dismissed prior to trial, [United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)] strongly encourages or even requires dismissal of state claims") (quotes and cite omitted); accord Granite State Outdoor Adver., Inc. v. Cobb Cty., 193 F. App'x. 900, 907 (11th Cir. 2006). When exercising its discretion, the Court takes into consideration the fact that "state courts, not federal courts, should be the final arbiters of state law." Ingram v. Sch. Bd. of Miami–Dade Cty., 167 F. App'x 107, 108 (11th Cir. 2006); see also Hicks v. Moore, 422 F.3d 1246, 1255 n.8 (11th Cir. 2005) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") (internal quotation and citation omitted); Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088–89 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). Consequently, the Court should decline to retain jurisdiction and **DISMISS** Plaintiff's state law claims **WITHOUT PREJUDICE**.

### IV. Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Fed. R. App. R. 24(a)(1)(A) ("A party who was permitted to proceed *in forma pauperis* in the district-court action, . . ., may proceed on appeal *in*

---

[3] A Certificate of Appealability ("COA") is not required to file an appeal in a Section 1983 action. See Fed. R. App. P. 3 & 4; Morefield v. Smith, No. 607CV010, 2007 WL 1893677, at *1 (S.D. Ga. July 2, 2007) (citing Mathis v. Smith, No. 05-13123-A (11th Cir. Aug. 29, 2005) (unpublished)).

10

*forma pauperis* without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith[.]") (italics supplied). An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Defendant's Motion for Summary Judgment, the Court should **DENY** Plaintiff's potential *in forma pauperis* status on appeal as there are no non-frivolous issues to raise, and any appeal would not be taken in good faith.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Defendant's unopposed Motion for Summary Judgment, (doc. 20), **DENY** Plaintiff's Motion for Summary Judgment, (doc. 23), **DISMISS** Plaintiff's Complaint, and **CLOSE** this case. In addition, the Court should **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and

Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the parties.

**SO REPORTED** and **RECOMMENDED**, this 15th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA